UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.

Case No. 3:24-CR-51-CCB-SJF

KEVIN ELLIS

**OPINION AND ORDER**

Before the Court is Defendant Kevin Ellis's "Petition for Post-Conviction Relief"
filed on September 24, 2025. On April 24, 2025, Mr. Ellis pleaded guilty to one count of
being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); one count of
possessing with intent to distribute controlled substances containing a detectable
amount of methamphetamine, fentanyl, and marijuana; and one count of possessing
with intent to distribute controlled substances containing a detectable amount of
methamphetamine and fentanyl. (ECF 82 at 1). He was sentenced on August 25, 2025, to
72 months of imprisonment for each offense, to be served concurrently (*Id.* at 3).

To date, Mr. Ellis has not appealed or otherwise challenged his convictions or his
sentence but alleges ineffective assistance of counsel on multiple grounds through the
instant Petition. He is proceeding without a lawyer. Thus, the Court will construe his
Petition "liberally." *Ebmeyer v. Brock,* 11 F.4th 537, 542 n.4 (7th Cir. 2021) (quoting
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Mr. Ellis appears to allege that his lawyer
failed on multiple fronts, which ultimately resulted in his pleading guilty to the charges
against him when he would not have had his lawyer honored his requests or

communicated all the necessary information to him. He also contends that his lawyer failed to take efforts to suppress evidence of his unlawful arrest, confession, and search in violation of his rights granted in the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. He also suggests that he was coerced by both his lawyer and the federal prosecutor to plead guilty. It seems that Mr. Ellis believes that all these issues combined have resulted in the violation of his right to a jury trial established in the Sixth Amendment to the Constitution.

Mr. Ellis does not specify the relief he seeks for these alleged constitutional violations, but presumably he is asking the Court to vacate, set aside, or correct the federal sentence he is currently serving. Through the Petition, Mr. Ellis explicitly invokes Indiana procedural standards for post-conviction relief by using the Indiana form entitled "Petition for Post-Conviction Relief" available on the Indiana Judicial Branch's website, Indiana Judicial Branch: Forms (last visited July 26, 2026). The Petition also relies on citations to the Indiana Rules of Procedure for Post-Conviction Remedies. But Mr. Ellis's invocation of Indiana procedural law in support of his request to vacate, set aside, or correct his federal sentence is misplaced as the procedural rules governing Indiana post-conviction relief proceedings do not apply in federal criminal cases. *Cf. United States v. Earls*, 755 F. App'x 581, 582 (7th Cir. 2019) (citing Fed. R. Civ. P. 1) (asserting that the Federal Rules of Civil Procedures do not apply in federal criminal cases); *see also United States v. George*, Case Nos.: 3:05-CR-100 JD, 3:22-CV-418 JD, 2023 WL 8234198, at *1 ((N.D. Ind. Nov. 28, 2023).

2

With that said, "any post-judgment motion in a [federal] criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of [28 U.S.C. §] 2255 should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). Section 2255 authorizes federal prisoners to collaterally attack a criminal sentence on grounds that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As Mr. Ellis's Petition for Post-Conviction Relief requests relief consistent with Section 2255, the Court intends to recharacterize it as a Section 2255 motion to vacate, set aside, or correct his sentence.

Before doing that, the Court must inform Mr. Ellis of its intent to recharacterize his Petition, warn him "that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions," and provide him the opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003). Accordingly, Mr. Ellis is:

(1) **ADVISED** that the Court intends to recharacterize his Petition for Post-Conviction Relief (ECF 87) as a first Section 2255 motion;

(2) **WARNED** that recharacterizing the Petition as a Section 2255 motion will subject any subsequent Section 2255 motions to the "second or successive" motions restrictions set forth in 28 U.S.C. § 2255(h); and

(3) **GRANTED** until **August 27, 2026,** to withdraw his Petition if he does not want to proceed under Section 2255, or to amend the Petition to include every Section 2255 claim he believes he has.

If Mr. Ellis does not withdraw or amend his Petitio for Post-Conviction Relief by August 27, 2026, the Government must file any response to the Petition no later than **September 28, 2026**. If Mr. Ellis amends the Petition, the Government must file any response to the amended petition no later than **30 days** after the amended petition is filed.

Lastly, the Court **NOTES** that Mr. Ellis signed his Petition followed by the phrase "(without Prejudice UCC 1-308)." (ECF 87 at 10; ECF 87-1). Invoking UCC 1-308 when signing documents in criminal cases seems to be consistent with sovereign citizen theories. Mr. Ellis does not explicitly identify his signature or the arguments in his Petition this way. Nevertheless, Mr. Ellis is advised that sovereign citizen theories are to be "rejected summarily" by courts, however they are presented" and will not be considered here. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Mr. Ellis is cautioned to take this into account when deciding how to proceed with his request to vacate, set aside, or correct his sentence.

SO ORDERED on July 27, 2026.

        /s/ *Cristal C. Brisco*
        CRISTAL C. BRISCO, JUDGE
        UNITED STATES DISTRICT COURT

4